**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| Robin Battle-Deck, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Credit One Bank; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Robin Battle-Deck, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), the Massachusetts Consumer Protection Act (the "MCPA"), M.G.L. c. 93A § 2, *et seq*, and the invasion of Plaintiffs' personal privacy by the Defendants and their agents.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Robin Battle-Deck ("Plaintiff"), is an adult individual residing in Cambridge, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Credit One Bank ("Credit"), is a Nevada business entity with an address of P.O. Box 98873, Las Vegas, Nevada 89193-8873, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual agents employed by Credit and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Credit at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last four years, Credit contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

9. At all times referenced herein, Credit placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered calls from Credit, she would be met with a short period of silence, followed by being connected to a live representative.

11. In June 2013, after Plaintiff was connected to a live representative, Plaintiff requested Credit to cease calling her cellular phone.

12. Despite Plaintiff's request, Credit continued to harass Plaintiff with calls to her cellular phone, numbering over three calls a day, and at a rate of over one hundred calls since Plaintiff's original request. Credit's excessive calls caused Plaintiff significant inconvenience and concern.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

16. Defendants' telephone systems have earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

17. Often times when Plaintiff answered the phone, she would hear a period of silence and was required to say "hello" several times before Defendants' phone system would connect Plaintiff to the next available representative.

18. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. In the event Defendants at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent by her demand to cease calls to her cellular telephone.

20. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

22. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

26. The Defendants initiated communication via telephone with the Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

27. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

31. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

32. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

33. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

35. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

3. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 14, 2014

        Respectfully submitted,

        By   /s/ Sergei Lemberg

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Attorneys for Plaintiff